UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――――――――
HUERTA CONSULTING SERVICES,
LLC,
                            Plaintiff,                  21-CV-2310 (JPO)

               -v-                                      OPINION AND ORDER

DRUG ENFORCEMENT
ADMINISTRATION, *et al.*,
                            Defendants.
―――――――――――――――――――――――――――――――

J. PAUL OETKEN, District Judge:

In 2019, the United States of America and the Drug Enforcement Administration (collectively, "the Government") seized $92,101 in cash from Carlos Williams, who worked for Plaintiff Huerta Consulting Services, LLC ("HCS"). The Government then initiated and concluded administrative forfeiture proceedings against that money. In this action, HCS seeks to have the Government return the money. HCS claims that the seizure violated the Fourth Amendment and that the civil forfeiture proceedings violated the Fifth Amendment to the United States Constitution. The Government moves to dismiss the complaint for lack of subject-matter jurisdiction and for failure to state a claim. For the reasons that follow, the motion is granted.

I.    Background

    A.    Factual Background

Plaintiff Huerta Consulting Services, LLC ("HCS") is a "cryptocurrency consulting firm that provides administrative and digital asset services." (Dkt. No. 6 ("Compl.") ¶ 8.) The Chief Executive Officer for the firm is Ernesto Huerta. (*See* Compl. ¶ 11.) As alleged, in October 2019, a worker for HCS named Carlos Williams travelled to New Jersey to make a transaction. (*See* Compl. ¶ 14.) There, Mr. Williams exchanged bitcoin for $92,101. (*See* Compl. ¶ 15.) On

1

his way back, at Penn Station, DEA agents asked Mr. Williams if they could search his suitcase. (*See* Compl. ¶ 18.)  Mr. Williams acquiesced to the search; the officers found the $92,101; and they told him that a K9 unit had detected drug residue on the money.  (*See* Compl. ¶¶ 18-28.)  The DEA agents seized the money.  (*See* Compl. ¶ 29.)

### B.   Administrative Proceedings

The DEA commenced administrative forfeiture proceedings against the money.  (*See* Compl. ¶ 32; Dkt. No. 21 ("Rashid Decl.") ¶ 4.)  According to the Government's declaration, on November 19, 2019, the DEA sent a notice of seizure to Ernesto Huerta by certified mail, return receipt requested.  (*See* Rashid Decl. ¶ 4(c); Dkt. No. 21-3.)  On November 23, 2019, an individual signed the signature block.  (*See* Rashid Decl. ¶ 4(c); Dkt. No. 21-4.)  The complaint alleges that "[n]either Mr. Huerta, or his counsel ever received such a notice."  (Compl. ¶ 36.)  In addition, to provide notice to unknown potential claimants, the DEA posted notice of the seizure on the government's forfeiture website for thirty days.  (*See* Rashid Decl. ¶ 4(d); Dkt. No. 21-5.)

In any event, on December 17, 2019, Mr. Huerta, acting on behalf of HCS, filed a claim to have the money returned.  (*See* Compl. ¶ 35.)  On January 7, 2020, the DEA sent a letter to Mr. Huerta's attorney stating that Mr. Huerta's claim was defective because it "did not state claimant's ownership or other interest in the property."  (Dkt. No. 21-8; *see* Compl. ¶ 41.)  The government sent another letter to Mr. Huerta's attorney stating the same on March 2, 2020.  (*See* Dkt. No. 21-8; Compl. ¶ 41.)  After Mr. Huerta's attorney responded, the DEA sent another letter noting that even if the claim had articulated an interest in the money, the claimant did not make that representation under penalty of perjury.  (*See* Dkt. No. 21-15; Compl. ¶ 46.)  On September 22, 2020, the DEA declared the forfeiture of the seized money.  (*See* Rashid Decl. ¶ 4(m); Dkt. No. 21-16.)

### C. Procedural History

Plaintiff filed this action on March 15, 2021. (*See* Compl. at 13.) The action seeks an order "to immediately return Plaintiff's cash . . . in the amount of $92,101 plus interest." (*See* Compl. at 12.) The first cause of action asks the Court to invoke its general equity jurisdiction to return the seized cash on the grounds that the seizure violated the Fourth Amendment "because the warrantless seizure and retention were and remain without probable cause." (Compl. ¶ 60.) The second cause of action asserts that the seizure violated the Fifth Amendment. (*See* Compl. ¶¶ 62-92.) In doing so, the complaint asserts (i) that 18 U.S.C. § 983 required the DEA "to send written notices to interested parties within 60 days after the date of the seizure," but "[n]o such notice was ever received by Plaintiff"; (ii) and that Plaintiff filed a "timely claim" for the return of its property, but the DEA wrongly rejected this claim as deficient. (Compl. ¶¶ 62-92.)

The Government has moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction and under Rule 12(b)(6) for failure to state a claim. (*See* Dkt. No. 20.)

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(1) requires that a claim be dismissed for lack of subject-matter jurisdiction "when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "A plaintiff has the burden of showing by a preponderance of the evidence that subject matter jurisdiction exists." *Lunney v. United States*, 319 F.3d 550, 554 (2d Cir. 2003). On a motion to dismiss, "the defendant may challenge either the legal or factual sufficiency of the plaintiff's assertion of jurisdiction, or both." *Robinson v. Gov't of Malaysia*, 269 F.3d 133, 140 (2d Cir. 2001).

Federal Rule of Civil Procedure 12(b)(6) directs a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss for

3

failure to state a claim, a complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This means that a complaint is properly dismissed where "the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558. A complaint is also properly dismissed "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679.

### III.   Discussion

The Government's motion is granted. The Fourth Amendment claim is dismissed for lack of subject-matter jurisdiction. The Fifth Amendment claim is dismissed for lack of subject-matter jurisdiction except to the extent that Plaintiff alleges that it did not get adequate notice. To the extent Plaintiff makes those allegations, its claim is dismissed for failure to state a claim.

#### A.   **Fourth Amendment Claim and Fifth Amendment Claim: Deficiency**

Courts ordinarily have "jurisdiction to determin[e] whether [an] agency followed the proper procedural safeguards when it declared [claimant's] property summarily forfeited." *United States v. Cobb*, 646 F. App'x 70, 72 (2d Cir. 2016) (summary order) (marks omitted). But the extent of judicial review in this context is cabined by the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), 18 U.S.C. § 983. CAFRA provides the "exclusive remedy" for a person "seeking to set aside a declaration of forfeiture under a civil forfeiture statute." *Id.* § 983(e)(5). Under the statute, a motion to set aside forfeiture "explicitly permits the court to consider only the issue of adequate notice." *Cobb*, 646 F. App'x at 72 (citing 18 U.S.C. § 983(e)(1)). Accordingly, "[t]he right to set aside the forfeiture is limited to claims of lack of adequate notice." *United States v. Brome*, 942 F.3d 550, 552 (2d Cir. 2019) (per curiam).

4

Plaintiff's Fourth Amendment claim does not address the adequacy of DEA's notice. (*see* Compl. ¶¶ 57-61.) Nor does the Plaintiff's Fifth Amendment claim that the DEA wrongly rejected Plaintiff's application as deficient. Indeed, "[t]he overwhelming weight of authority supports the position that a federal court lacks jurisdiction to review the merits of administrative forfeiture decisions once the administrative process has begun." *United States v. One 1987 Jeep Wrangler Auto. VIN No. 2BCCL8132HBS12835*, 972 F.2d 472, 480 (2d Cir. 1992). Both claims are therefore dismissed for lack of subject-matter jurisdiction. *Cf. Valerio v. Drug Enf't Admin. of the United States*, No. 18-CV-10081, 2019 WL 4412445, at *2 (S.D.N.Y. Sept. 16, 2019); *United States v. Palmer*, No. 11-CR-202S, 2016 WL 1364437, at *1 (W.D.N.Y. Apr. 6, 2016); *Mikhaylov v. United States*, 29 F. Supp. 3d 260, 271 (E.D.N.Y. 2014).[1]

### B.    Fifth Amendment Claim: Notice

Plaintiff's Fifth Amendment claim that he did not receive notice is dismissed for failure to state a claim. As noted, CAFRA made clear that a motion under 18 U.S.C. § 983 is "the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute." *Id.* § 983(e)(5). CAFRA directs a district court to set aside a civil forfeiture if "the Government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice." *Id.* § 983(e)(1)(A). CAFRA's requirement that the Government need only take "reasonable steps to provide" notice mirrors the due process requirement that notice be 'reasonably calculated . . . to apprise a party of the pendency of the [forfeiture] action.'" *Centeno v. United States*, 2006 WL 238259, at *4

---

[1] Plaintiff also asks this Court to invoke its equity jurisdiction to assess Plaintiff's claims. To the extent that such an exception to CAFRA's jurisdictional bar exists, it does not apply here. The DEA informed Plaintiff of the defects in its claim and provided Plaintiff opportunities to cure, which it failed to do. This is not the kind of case that calls for an exercise of equity jurisdiction.

(S.D.N.Y. Aug. 17, 2006) (quoting *Dusenbery v. United States*, 534 U.S. 161, 170 (2002)). Accordingly, to determine whether the DEA reasonably notified Plaintiff about the seizure of its property, the Court assesses the "reasonableness under the circumstances" of the notice — a standard that derives from *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950).

The notice here was reasonable under the circumstances. The Government sent written notice, via certified mail, to the known addresses of known claimants, and then published notice for a period of thirty days for the benefit of unknown claimants. (*See* Rashid Decl. ¶ 4; Dkt. Nos. 21-3, 21-5.) "A written notice sent, via certified mail, to any known addresses, combined with published notices, ordinarily satisfies the *Mullane* standard." *Mikhaylov v. United States*, 29 F. Supp. 3d 260, 267 (E.D.N.Y. 2014). Plaintiff alleges that it never received this notice. But "the Government does not need to provide actual notice; it is enough that it attempt to provide actual notice." *United States v. Brome*, 942 F.3d 550, 552-53 (2d Cir. 2019) (marks omitted); *see Dusenbery v. U.S.*, 534 U.S. 161, 163-64 (2002) ("[N]one of our cases . . . has required actual notice in [drug-related forfeiture] proceedings.") Nor did the Government have any reason to think that Plaintiff had not received this notice; indeed, the DEA received a signed receipt, and Plaintiff's employees subsequently filed multiple claims. (*See, e.g.*, Dkt. No. 21; Compl. ¶ 35.) Accordingly, Plaintiff's notice claim is dismissed for failure to state a claim. *Cf. Mikhaylov*, 29 F. Supp. 3d at 269; *Clark v. Suffolk Cnty.*, No. 14-CV-7195, 2017 WL 1067800, at *7 (E.D.N.Y. Feb. 24 2017), *report and recommendation adopted*, No. 14-CV-7195, 2017 WL 1078566 (E.D.N.Y. Mar. 20, 2017); *Harper v. United States*, No. 15-CV-4833, 2016 WL 4994996, at *9 (E.D.N.Y. Aug. 3, 2016), *report and recommendation adopted*, No. 15-CV-4833, 2016 WL 4995077 (E.D.N.Y. Sept. 19, 2016).

**IV.     Conclusion**

For the foregoing reasons, Defendants' motion to dismiss is GRANTED.

The Clerk of Court is directed to close the motion at Docket Number 20 and to close this case.

SO ORDERED.

Dated: July 15, 2022
New York, New York

_____
J. PAUL OETKEN
United States District Judge